# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

TURQUELL S. CONE, :
:
      Petitioner, :
VS. :
: NO. 5:17-CV-00039-CAR-CHW
JOSE MORALES, :
:
      Respondent. :
_____ :

## ORDER

Petitioner Turquell S. Cone, a prisoner most recently confined at the Macon Transitional Center in Macon, Georgia, has filed a petition seeking federal habeas relief under 28 U.S.C. § 2254. In an Order dated March 28, 2017, the Court observed that Petitioner appeared to be challenging his state pretrial detention and directed Petitioner to recast his petition on the appropriate form and either pay the $5.00 filing fee or file a renewed motion for leave to proceed *in forma pauperis*. Petitioner was given twenty-one (21) days to comply with the Court's Order. ECF No. 4 at 1-2.

The time for compliance passed with no response from Petitioner. Thus, in an order dated May 23, 2017, the Magistrate Judge ordered Petitioner to respond and show cause as to why his petition should not be dismissed. Petitioner was given twenty-one (21) days to comply with this order, and he was again warned that if he failed to respond, his petition would be dismissed for failure to comply. ECF No. 5 at 1.

The time for responding to the Show Cause Order has passed, and Petitioner has again failed to respond, presumably because the order was returned to the Court as

undeliverable (ECF No. 6). Petitioner's failure to fully and timely comply with the Court's orders and instructions and his failure to keep the Court apprised of his current address leads the Court to believe that he is no longer interested in pursuing this case. Thus, because of Petitioner's failure to comply with the Court's instructions and orders and otherwise diligently prosecute this action, his Petition shall be **DISMISSED without prejudice.** *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case).

Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders and his failure to diligently prosecute his case was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without

2

prejudice for failing to comply with court orders). Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 18th day of August, 2017.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT